

**SO ORDERED.**

**SIGNED this 15 day of May, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | CASE NO. 07-50003-JDW |
| LINDA B. BELL and ) | |
| KERRY BELL, ) | |
| ) | |
| DEBTORS. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:         Kenneth M. Brock
                    4875 Riverside Drive, Suite 200
                    Macon, Georgia 31210

For TBDC Rentals:   Camille M. Tribble
                    544 Mulberry Street, Suite 800
                    Macon, Georgia 31201-2776

# MEMORANDUM OPINION

This matter comes before the Court on TBDC Rentals's objection to plan confirmation and its motion for stay relief. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G), (L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

## Findings of Fact

Debtor Kerry Bell entered into an agreement with TBDC Rentals on May 30, 2004. The agreement purported to effect Debtor's lease of a metal building from TBDC, which the parties stipulate was primarily for Debtor's personal use. The lease provided in relevant part as follows:

> 2. The following information is hereby disclosed to the Consumer pursuant to State Laws and are terms and conditions of this agreement.
> ...
> (d) The term of this lease is for one month.
> (e) Consumer may renew this agreement for consecutive terms of one month by making rental payments in advance for each additional month consumer wishes to rent the property.
> (f) The rental payment is $117.59 + Sales Tax 8.23 = 125.82 per month and is due on the 15th day of each succeeding month. If Consumer makes 36 monthly payments for a total cost of $4529.52 and otherwise complies with this agreement, Consumer will acquire ownership of the rented property. At any time after Consumer has made the first rental payment, Consumer may purchase the rented property for the cash price of $2540.00 + Sales Tax less 60% of all the rental payments Consumer has made (exclusive of taxes, reinstatement, and other charges).
> (g) Consumer will not own the property until the Consumer has made the number of payments and the total of payments necessary to acquire ownership.
> ...
> 4. Consumer may terminate this agreement without penalty

> by voluntarily surrendering the rented property upon expiration of
> any lease term.  In that event, Consumer agrees to return the rented
> property to Lessor in the same condition it was on this date, normal
> wear and tear excepted and all payments shall be deemed fair rental
> value.
> ...
> 15. Consumer agrees that the laws of the State of
> Tennessee, the home state of the Lessor, shall govern this contract
> in all respects ....

(Creditor's ex. 1, Rental Purchase Agreement and Disclosure Statement.)

On January 1, 2007, Debtor and his wife filed a joint Chapter 13 petition.  Their Chapter 13 plan proposed to pay TBDC as a secured creditor.  TBDC filed a claim for $959.56.  TBDC then filed a motion for stay relief to recover the metal building and an objection to confirmation seeking payment outside the plan.  Both filings included language by TBDC asserting it was a lessor and asserting it held a security interest.  At a hearing held on March 19, 2007, TBDC clarified its position.  It argued that agreement between the parties was a true lease that must be accepted or rejected by Debtor and paid outside the plan.  TBDC made no arguments relating to its request for stay relief.

For the following reasons, the Court finds the agreement is a true lease and will sustain TBDC's objection to its treatment under Debtor's Chapter 13 plan.

## Conclusions of Law

Whether or not a contract provides for the sale or the lease of property is determined by reference to state law.  In this case, the contract includes a provision in paragraph 15 for the application of Tennessee law.  The parties directed the Court to Tennessee's Commercial Code for a definition of a security interest.  The statute starts with a relatively broad definition of a

security interest as "an interest in personal property or fixtures which secures payments or performance of an obligation" that is subject to Article 9 of the Commercial Code. Tenn. Code Ann. § 47-1-201(38)(A). Then, it gets more specific, providing a transaction labeled a lease may actually be a security interest:

> (38)(B) Whether a transaction creates a lease or security interest is determined by the facts of each case; however, a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and
> . . .
> > (ivi) The lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement[.]
>
> (C) A transaction does not create a security interest merely because it provides that:
> . . .
> > (iii) The lessee has an option to renew the lease or to become the owner of the goods[.]

Id. § 47-1-201(38)(B), (C).

However, the more relevant portion of Tennessee law is found in the Tennessee Rental-Purchase Agreement Act. Tenn. Code Ann. § 47-18-601 to -614. Pursuant to the Act, a rental-purchase agreement is an agreement

> for the use of personal property by a natural person primarily for personal, family, or household purposes, for an initial period of four (4) months or less (whether or not there is any obligation past the initial period) that is automatically renewable with each payment and that permits the consumer to become the owner of the property.

Id. § 47-18-603(7). Furthermore, a "'[r]ental-purchase agreement' shall not be construed to be ... a 'security interest' as defined in § 47-1-201[.]" Id. § 47-18-603(7)(F). Therefore, if each

4

element of a rental-purchase agreement is satisfied, the contract must be deemed a lease, rather than a security agreement. In re Osborne, 170 B.R. 367, 369-70 (Bankr. M.D. Tenn. 1994).

    First, the agreement must be for the use of personal property. There is no dispute that the storage shed at issue here is not permanently affixed to real estate. Therefore, it is personal property. Second, the lessee must be a natural person. Debtor, the lessee here, is an individual, and it is self-evident that he is a natural person. Third, the property must be used primarily for personal, family, or household purposes. The parties have stipulated Debtor leased the shed for personal use. Fourth, the agreement must have an initial lease period of four months or less. In this case, the initial lease term is one month. Fifth, the lease term must be automatically renewable with each payment. The lease here provides for automatic renewal upon payment by Debtor. Sixth, the agreement must permit the lessee to become the owner of the property. The agreement in this case allows Debtor to purchase the property, with a percentage of total rental payments applied to the purchase price.

    Because the agreement meets all the criteria for a rental-purchase agreement, it cannot be construed as a security interest. Therefore, the Court finds the agreement between the parties is an unexpired lease or an executory contract. TBDC's objection to confirmation will be sustained. Debtors must modify their plan to provide for payment of the agreement in accordance with § 365.

    An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT